IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

QUINN SCOTT WILLIAMS,        )
    Petitioner,              )
                             )
    v.                       )  Civil Action No. 06-139
                             )  Criminal Action No. 01-169
                             )
UNITED STATES OF AMERICA,    )
    Respondent.              )

ORDER OF COURT

    Before the court is petitioner's Motion to Vacate Sentence under 28 U.S.C. § 2255. For the reasons that follow, the motion is denied.

    The procedural history of this case is known to the parties, and because the procedural history is immaterial to the outcome of the motion, it need not be repeated at length here. We need only state that on February 8, 2002, petitioner pled guilty to one count of Distribution and Possession With Intent to Distribute in Excess of Fifty Grams of Crack Cocaine, and one count of Possession of a Firearm by a Convicted Felon. On May 10, 2002, he was sentenced to a period of imprisonment of 168 months.

    Petitioner contends that his trial counsel was ineffective for failing to investigate and challenge what he views as a discrepancy between two laboratory reports issued by the Greensburg Regional Laboratory of the Pennsylvania State Police.

The first report, dated November 8, 2000, indicated that the substance, which is the basis of Count I of the indictment, tested positive for cocaine. A supplemental report issued August 7, 2001, indicated that the substance tested positive for cocaine base, commonly known as crack.[1] Petitioner contends that the difference in the two reports may indicate that he was indicted and sentenced for the wrong substance. Significantly, petitioner does not dispute that the substance was crack cocaine, only that his lawyer was ineffective for not raising the issue.

We need not dwell on this at length. The charging documents in this case are not the laboratory reports but the indictment, which post-dated both reports. The indictment clearly indicates in Count I that petitioner was charged with crack cocaine. At his guilty plea colloquy, petitioner was asked if he had received a copy of the indictment and if he had discussed the charges in the indictment to which he was pleading guilty with his attorney; he indicated that he had [Tr. 7]. Petitioner was questioned whether he understood that he was being

---

[1] The government asserts that at the time the first report was issued the case was under the Pennsylvania State Police jurisdiction. Because Pennsylvania law does not distinguish between cocaine powder and cocaine base for penalty purpose, they customarily make no distinction between the two drugs in their laboratory analysis. However, after the case was brought into the federal court the laboratory issued the supplemental report specifying the type of cocaine involved. Although submitted without the benefit of a supporting affidavit, we have no reason to question the government's representation on this issue.

2

charged with crack cocaine; he answered that he understood [Tr. 7]. The government's attorney stated in his presence the elements of Count I, including that the government had to establish that the substance was crack cocaine [Tr. 9]; he indicated that he understood the elements of Count I [Tr. 9-10]. The plea agreement entered into by the government and petitioner was placed on the record and read in open court. Pertinent to this motion is that petitioner stipulated that he distributed, or intended to distribute, 168.1 grams of crack cocaine [Tr. 12]. Finally, he admitted on the record that he did, as charged in Count I of the indictment, distribute and possessed with intent to distribute in excess of 50 grams of crack cocaine [Tr. 14-15].

In order for petitioner to succeed on an ineffective counsel claim, he must be able to show that counsel's performance prejudiced him in some way, i.e. that the outcome would have been different. Weeks v. Snyder, 219 F.3d 245, 257 (3d Cir. 2000) (in a guilty plea case, the standard for prejudice focuses on whether counsel's alleged ineffective performance affected the outcome of the plea process). The record is clear that petitioner understood what he was charged with in the indictment, he understood the requisite elements, and he admitted in open court that he was involved in the distribution of crack cocaine. Any contention that his lawyer's failure to question or challenge

what petitioner perceives as a discrepancy between the two laboratory reports prejudiced him, is illusory.

Petitioner also raises two additional grounds for relief: (1) "whether petitioner was properly charged in actually committing a crime against the United States of America"; and (2) "whether jurisdiction was properly ceded from the state to the United States Government." We have considered petitioner's position with respect to these other claims and find them to be baseless and merit no further discussion.

The Clerk of Court is directed to mark this case closed.

BY THE COURT:

_____, J.
8/7/06

All Counsel of Record

4